# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA BYRD, an Oklahoma resident, Individually, and on behalf of all Wrongful Death Beneficiaries of Larry Gene Byrd, deceased,<br><br>          Plaintiff,<br><br>-vs-<br><br>BNSF RAILWAY COMPANY, KIRBY CARSON, JOSHUA ERNZEN, JOHN DOE #1, and JOHN DOE #2,<br><br>          Defendants. | Case No. CIV-21-1058-F |

## ORDER

Plaintiff, Linda Byrd, individually and on behalf of all wrongful death beneficiaries of Larry Gene Byrd, deceased, filed a Petition for Damages for Wrongful Death in the District Court of Cleveland County, Oklahoma seeking to recover damages for the alleged wrongful death of Larry Gene Byrd. According to plaintiff, at or around 1:15 a.m. on September 6, 2020, police officers with the Noble Police Department and emergency medical service personnel with the Noble Fire Department were dispatched to the Byrd home to provide medical assistance to Mr. Byrd who was having chest pains and losing consciousness, but still breathing. The only route to the Byrd home required the first responders to travel over a railroad crossing (the Maple Street crossing). At the time, the Maple Street crossing was blocked by a train owned by defendant BNSF Railway Company (BNSF). Defendants John Doe #1 and John Doe #2 were the conductor and engineer of the

train. At approximately 1:20 a.m., the Noble Police Department contacted defendant BNSF to tell its train crew to move the train off the Maple Street crossing to allow the emergency medical service personnel to cross to respond to the medical emergency at the Byrd home.[1]  At approximately 1:23 a.m., a Noble police officer asked defendant John Doe #1, the conductor, if he would be able to move the train either forward or backward and he said "no."  The train was then sitting 100 feet north of the Maple Street crossing.  Plaintiff alleges defendant John Doe #1 closed the locomotive window and would not respond to any further questions.  At approximately 1:30 a.m., the train moved forward and cleared the railroad tracks.  The emergency medical services personnel proceeded to the Byrd home, located one half mile south of the railroad crossing, and began defibrillation efforts upon Mr. Byrd at 1:32 a.m.  However, seventeen minutes had passed since Mr. Byrd's cardiac event, and it was too late for the defibrillator efforts to be successful in restarting Mr. Byrd's heart.  Plaintiff alleges that the defendants, by denying or blocking emergency medical service personnel access to Mr. Byrd, proximately caused and/or contributed to cause Mr. Byrd's death.  In addition to naming BNSF, John Doe #1, and John Doe #2 as defendants to her state court petition, plaintiff named Kirby Carson, BNSF Division Trainmaster, and Joshua Ernzen, Road Foreman of Engines, as defendants.

      Defendant BNSF, with the consent of the other two named defendants, removed plaintiff's negligence action to this court.  In the notice of removal,

---

[1] Prior to that call, the Noble Police Department had contacted defendant BNSF three times during the evening hours of September 5, 2020, to advise it of a train blocking another railroad crossing (the Chestnut Street crossing), approximately 0.2 miles north of the Maple Street crossing.  The police department had received calls from three different individuals who had been waiting for various times (approximately 30 minutes; approximately one hour; and over two hours), for the train to clear the Chestnut Street crossing.  Plaintiff alleges upon information and belief, that the same train was blocking the Maple Street crossing at the same time.

defendant BNSF alleged the court may exercise federal question jurisdiction, 28 U.S.C. § 1331, over plaintiff's negligence *per se* claim—alleged violation of Oklahoma Administrative Code § 165:32-1-8(a)—because the claim is completely preempted by the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. §§ 10101, *et seq*. Also, defendant BSNF alleged that the court may exercise diversity jurisdiction, 28 U.S.C. § 1332, because defendant Carson, who is an Oklahoma citizen and non-diverse in citizenship from plaintiff, was fraudulently joined to the action.

Presently pending before the court are a motion to remand filed by plaintiff and motions to dismiss by defendants BNSF and Carson. One of the issues raised with respect to plaintiff's motion to remand is whether defendant Carson was fraudulently joined to the action. In support of the notice of removal, BNSF submitted a declaration by defendant Carson averring that (1) he was not on duty on September 5, 2020, or before 2:00 a.m. on September 6, 2020; and (2) he was never notified that a BNSF train was blocking the Maple Street crossing on September 5, 2020 or September 6, 2020, or that emergency medical service personnel were prevented from traveling through the Maple Street crossing at that time, until after September 6, 2020. Defendant BNSF posited that given such circumstances, defendant Carson cannot be held liable in negligence under Oklahoma law. Defendants, in response to plaintiff's remand motion, again cite defendant Carson's declaration.[2] In a reply brief, plaintiff asserts that her negligence claims do not require defendant Carson to have been on duty on the night in question. She specifically relies upon allegations set forth in subparagraphs o, q, r, and s of

---

[2] In their response to plaintiff's remand motion, defendants point out defendant Carson's declaration has been uncontested by plaintiff. As such, defendants assert that the court can confirm, in a straightforward manner, that they properly exercised their right to federal jurisdiction (diversity jurisdiction), and the court need not analyze whether plaintiff's negligence action is completely preempted by the ICCTA.

3

paragraph 47 of her state court petition as bases for possible negligence claims against defendant Carson. In a sur-response allowed by the court, defendants submit the declarations of Christopher T. Grissum, defendant Carson's direct supervisor, and of defendant Carson averring that defendant Carson did not have any authority relating to the purported duties alleged in subparagraphs o, q, r, and s of paragraph 47. Although permitted to file a sur-reply, plaintiff has not done so.

In her papers, plaintiff urges the court to rely upon the pleadings in deciding the fraudulent joinder issue. Nonetheless, plaintiff recognizes that under Tenth Circuit precedent, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Smoot v. Chicago, Rock Island & Pacific R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967) (quotation marks and citations omitted).

According to the Tenth Circuit, the fraudulent joinder issue "must be capable of summary determination and be proven with complete certainty." *Id*. at 882 (quotation marks and citation omitted). It can be subject to summary determination if "established with complete certainty upon *undisputed evidence*." *Id*. (emphasis added). However, the appellate court has also explained that "all factual and legal issues *are to be resolved in favor of the plaintiff*." Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quotation marks and citation omitted).

As authorized by Tenth Circuit authority, the court, in deciding plaintiff's motion to remand as to the issue of fraudulent joinder, is inclined to pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. It appears from plaintiff's papers that she cannot contest or dispute the declarations currently in the record without discovery. The information to contest or dispute the matters raised by the declarations appears to be in the possession of or controlled by defendants. Exercising in its discretion, the court will permit plaintiff to conduct limited discovery as to the matters addressed in both

4

declarations of defendant Carson and the declaration of Christopher T. Grissum. Plaintiff will have 45 days from the date of this order to conduct the limited discovery and file a sur-reply (attaching any supporting evidentiary material) to defendants' sur-response to plaintiff's motion to remand.

In Oklahoma, negligence actions have a two-year statute of limitations. *See*, 12 O.S. 2021 § 95(3). From the allegations of the state court petition, two years from Mr. Byrd's death will be September 6, 2022. Plaintiff named as defendants John Doe #1 and John Doe #2, the conductor and engineer of the train. Plaintiff alleges in the state court petition and argues in her papers that defendant BNSF refused to identify the names of the conductor and engineer and therefore she had to identify them in her petition as John Does. In addition to the discovery which the court is allowing, the court, acting within its discretion, will permit plaintiff to conduct limited discovery to determine the identity of both the conductor and the engineer of the train and their current addresses or last known addresses, if no longer employed by defendant BNSF. The court recognizes that the citizenship of the John Does is not an impediment to removal. *See*, McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). However, the court also recognizes the existence of a two-year limitations period for negligence actions, the concerns about whether an amendment after the limitations period substituting the new defendants for the John Doe defendants would relate back to the petition under Rule 15(c)(1), Fed. R. Civ. P., and the fact that 28 U.S.C. § 1447(e) provides: "[i]f after removal the plaintiff seeks to join additional defendants who joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." The court concludes that in the interest of justice and for a complete record, plaintiff should be permitted to determine the identity of the John Doe defendants

and file a motion for leave to file an amended complaint to replace the John Doe defendants with the defendants identified by name.[3]

Upon receipt of the information regarding the John Doe defendants and no later than 45 days from the date of this order, plaintiff will be permitted to file a motion for leave to file an amended complaint pursuant to Rule 15, Fed. R. Civ. P., and LCvR 15.1.  If the conductor and engineer of the train are citizens, as opposed to residents, of Oklahoma,[4] plaintiff must set forth such facts in her motion and allege such facts in the proposed amended complaint and address in her motion whether the conductor and engineer are indispensable and required to be joined under Rule 19, Fed. R. Civ. P., or whether, if not indispensable, the court should exercise in its discretion and permit the conductor and engineer's joinder under Rule 20, Fed. R. Civ. P.  With respect to the latter, plaintiff should address the factors set forth in McPhail for the court to exercise its discretion to allow joinder of the conductor and engineer. See, McPhail, 529 F.3d at 952.  If plaintiff chooses not to

---

[3] The court notes that the John Doe defendants were not served with process prior to removal and the 90 days for service of process since removal has run.  See, Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010) (defendant's removal gave plaintiff 120 days (the period of service then allowed by Rule 4(m), Fed. R. Civ. P.) in which to perfect service.  Based on the record, the court concludes that good cause exists for the failure to perfect service and the court will extend the time to effect service of process of the state court petition on the John Doe defendants another 90 days from the date of this order.  In the alternative, the court grants plaintiff a permissive extension of time, specifically, 90 days from the date of this order, to effect service of process of the state court petition on the John Doe defendants.  If an amended complaint is filed replacing the John Doe defendants with the defendants identified by name, plaintiff shall have 90 days from the amended complaint's filing date to effect service of process (amended complaint and summons) upon the newly named defendants as permitted by Rule 4(m), Fed. R. Civ. P.  With the filing of the amended complaint, no service of process of the state court petition upon the John Doe defendants will be necessary.

[4] In determining citizenship for purposes of diversity jurisdiction, a person's domicile is what is relevant.  Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1238 (10th Cir. 2015).  Residence is not equivalent to domicile.  Id.  "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014).

file a motion for leave to file an amended complaint, plaintiff may file a stipulation of dismissal pursuant to Rule 41, Fed. R. Civ. P., as to the John Doe defendants.

Accordingly, for the reasons stated, plaintiff is **GRANTED** 45 days from the date of this order to conduct limited discovery as to the matters addressed in both declarations of defendant Kirby Carson and the declaration of Christopher T. Grissum and to file a sur-reply (attaching supporting evidentiary material) to defendants' sur-response to plaintiff's motion to remand.

In addition, plaintiff is **GRANTED** 45 days from the date of this order to conduct limited discovery to determine the identity of defendants John Doe #1 and John Doe #2, the conductor and engineer of the train, and their current addresses or last known addresses, if no longer employed by defendant BNSF, and to file a motion for leave to file an amended complaint pursuant to Rule 15, Fed. R. Civ. P., and LCvR 15.1, with the motion addressing the matters stated by the court in this order, if so warranted.

Plaintiff is further **GRANTED** 90 days from the date of this order to effect service of process of the state court petition on the John Doe defendants. If an amended complaint is filed, plaintiff shall have 90 days from the amended complaint's filing date to effect service of process (amended complaint and summons) upon the newly named defendants as permitted by Rule 4(m), Fed. R. Civ. P. With the filing of the amended complaint, no service of process of the state court petition upon the John Doe defendants will be necessary.

IT IS SO ORDERED this 14th day of July, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1058p004.docx